IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES E. SMITH,** | : | CIVIL NO. 1:07-CV-1251 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **STATE OF NEW JERSEY, et al.,** | : | |
| Respondents | : | |

## MEMORANDUM

Charles E. Smith, an inmate presently confined to the Dauphin County Prison, Harrisburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging criminal proceedings being conducted in the New Jersey Superior Court in Camden, New Jersey. (Doc. No. 1.) The instant petition has been given preliminary consideration, and for the reasons discussed below, the Court will dismiss the action without prejudice because of the ongoing state court criminal proceedings. See R. Governing § 2254 Proceedings for the United States District Courts, R. 4.[1]

**I.     BACKGROUND**

Petitioner was arrested and charged with "numerous drug related offenses" on January 21, 2007, in Camden, New Jersey. (Doc. No. 1, at 1 ¶ 1.) Subsequently, he posted bail and was released. (Id. at ¶ 2.) Petitioner represents that he has recently been notified that he is required to physically appear for a "Pre-Arraignment" conference, but that he is unable to do so because he is incarcerated in the Dauphin County Prison. (Doc. No. 1, at 2 ¶¶ 7-9.) He claims that his

---

[1] Rule 4 of the Rules Governing § 2254 Habeas Corpus Cases provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

due process rights have been violated and requests that this Court dismiss the charges and indictment pending against him in the State of New Jersey or, in the alternative, have "a hearing set before this Court for the State of New Jersey, to produce a "prima facie" case (evidence) as to proceed against the Petitioner." (Doc. No. 1, at 3 ¶ 12; at 5).

## II. DISCUSSION

The doctrine of abstention which has developed since Younger v. Harris, 401 U.S. 37 (1971), "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). "Younger abstention," as the Court's teaching is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." Evans v. Court of Common Pleas, Delaware County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. Id.

The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989). All three criteria are met here. First, Petitioner's claim concerns an ongoing criminal case pending in the State of New Jersey. Second, based upon the fact that Petitioner is attempting to raise issues concerning the adequacy of the due process afforded him, and the sufficiency of the evidence against him in a criminal matter, this proceeding clearly implicates important state interests. Third, the State of New

Jersey forum affords Petitioner an adequate opportunity to raise his federal due process issues. He has not asserted that he is unable to present his federal claims in his related state court proceedings. Thus, this Court may assume that the state procedures will afford an adequate remedy. See Schall, 885 F.2d at 107 (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987)). Exceptions to the Younger doctrine exist where irreparable injury is "both great and immediate," Younger, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," id. at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief," id. at 54. These exceptions are to be narrowly construed. Loftus v. Township of Lawrence Park, 764 F. Supp. 354, 357 (W.D. Pa. 1991). Petitioner has failed to show that he falls within any of the narrow exceptions to the Younger doctrine.

Under the present circumstances, the Court concludes that it is appropriate to abstain from entertaining the petition. Accordingly, the petition will be dismissed without prejudice.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's

underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, no COA will issue.

**AND NOW**, this 26th day of September 2007, **IT IS HEREBY ORDERED THAT**

1. The petition for writ of habeas corpus (Doc. No. 1) is **DISMISSED** without prejudice.

2. A certificate of appealability under 28 U.S.C. § 2253(c) is **DENIED**.

3. The Clerk of Court is directed to **NOTIFY** Petitioner.

4. The Clerk of Court is further directed to **CLOSE** this case.

s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania